United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

United States District Court
Southern District of Texas
FILED

OCT 1 3 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IMADE ANTHONY OSARINMWIAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:12-MC-485 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Imade Anthony Osarinmwian, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.)  It appeared that Plaintiff wished to assert civil rights claims against various prison officials and officers alleging physical abuse, sexual abuse, and the denial of adequate medical care.  (Docket Nos. 1, 3.)  In seeking to proceed in form pauperis, Plaintiff filed a "Declaration of Inability to Pay Cost"; however, he failed to include a copy of the certified statement of his inmate trust fund account.  (Docket No. 2.)  After being advised of this deficiency in a court order, Plaintiff failed to correct it by either paying the filing fee or submitting a properly supported IFP application. (Docket No. 4.)  Plaintiff did not respond to the order and has taken no further action in this case.  The undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

Plaintiff's "Declaration of Inability to Pay Cost" stated that he was unable to pay the required fees, but he did not include a certified statement of his inmate trust fund account for the

preceding six-month period. *See* 28 U.S.C. § 1915(a)(2). The undersigned later entered an order explaining to Plaintiff that "[i]n order to qualify to proceed in forma pauperis, a prisoner must provide financial information to show that he is 'unable to pay' the fee."[1] (Docket No. 4, at 1.) Plaintiff was advised that "he failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action" and that "such an account statement" was required "in order to qualify to proceed in forma pauperis." (*Id.*) Plaintiff was directed to either pay the filing fee or to file a properly supported application to proceed in forma pauperis within thirty (30) days. (*Id.* at 2.) Plaintiff failed to respond to the order, and he has taken no further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a filing fee for a person seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing

---

[1] Regrettably, the entry of this order was delayed due to oversight. Although Plaintiff's allegations appear suspect, he could have still proceeded with his lawsuit had he taken any other steps to prosecute his claims. Unfortunately, he did not.

all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1) & (2). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Plaintiff neither paid the filing fee, nor complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis.  He also did not respond to the court order that he either pay the filing fee or submit a properly supported IFP application.  This action should be dismissed for failure to prosecute because Plaintiff both failed to pay the filing fee and failed to comply with a court order. *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *see also Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the filing fee and failed to comply with the court's orders); *McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee).  It appears that no lesser sanction is available since Plaintiff has taken no further action in this case.[2]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED based on Plaintiff's failure to prosecute.

---

[2] A copy of this Report will be sent to Plaintiff at the address he provided.  Should Plaintiff respond to the Report by complying with the prior order (Docket No. 4), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 13, 2020.

Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE